**Johnny SEATON, Respondent,**

v.

**STATE of Missouri, Appellant.**

**No. 44740.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 30, 1983.

John Ashcroft, Atty. Gen., Kristie Green, Rosalynn Van Heest, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for appellant.

Michael P. Bastian, Clayton, for respondent.

CRIST, Judge.

Appeal from a 27.26 ruling in which movant's judgment and sentence for armed criminal action were vacated and set aside. We reverse.

On January 25, 1978, movant pled guilty to three counts of kidnapping, one count of enticing away a child, one count of robbery in the first degree and one count of armed criminal action. He was sentenced to serve concurrent terms of ten years for each kidnapping count and fourteen and one-half years for each of the other counts. His 27.26 motion sought to vacate and set aside only his conviction for armed criminal action as a violation of the double jeopardy clause which protects against multiple punishment for the same offense. The trial court erroneously agreed and granted the motion.

In support of the 27.26 court's ruling, movant relies on *State v. Haggard,* 619 S.W.2d 44 (Mo. banc 1981), which held a conviction for both armed criminal action and the underlying felony is a violation of the double jeopardy clause. However, on certiorari, the United States Supreme Court vacated the *Haggard* decision and remanded it for consideration in light of *Missouri v. Hunter,* 459 U.S. ——, 103 S.Ct. 673, 74

L.Ed.2d 535 (1983). In *Hunter*, the Supreme Court held the legislature's power to prescribe the scope of punishment includes the power to specifically authorize cumulative punishment for the same offense. *Id.* 103 S.Ct. at 679. Where the legislature intends to impose multiple punishments, imposition of such sentences does not violate the Constitution. *Id.* Therefore where a legislature specifically authorizes cumulative punishment under two statutes, cumulative sentences may be imposed under such statutes in a single trial. *Id.*

In light of the *Hunter* decision, movant's January 25, 1978 sentence, for armed criminal action was proper. The trial court's order sustaining movant's Rule 27.26 motion must be reversed.

Judgment reversed.

CRANDALL, P.J., and REINHARD, J., concur.